**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIRUM PHARMACEUTICALS, INC., SATIOGEN PHARMACEUTICALS, INC., and SHIRE HUMAN GENETIC THERAPIES, INC.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ZENARA PHARMA PRIVATE LIMITED, and BIOPHORE INDIA PHARMACEUTICALS PRIVATE LIMITED,<br><br>Defendants/Counterclaim Plaintiffs. | Case No. 26-1154-JLH |

**SCHEDULING ORDER [PATENT]**

This 13th day of November, 2026, ~~the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty days of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and is incorporated herein by reference except as modified in Paragraph 7 below.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **June 4, 2027**. Such motions must follow the provisions of Paragraphs 8(h) and 9.

3. Application to Court for Protective Order. The parties have filed, and the Court has entered, the Stipulated Protective Order (D.I. 21), which shall govern the disclosure of confidential information in this case.

4. Papers and Proceedings Under Seal. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. ADR Process. Magistrate Judges will no longer engage in alternative dispute resolution in patent cases. *See* District of Delaware Standing Order No. 2022-2, dated March 14, 2022.

7. Disclosures. Absent agreement among the parties, and approval of the Court, the parties agree to the following timetable for initial patent disclosures pursuant to Paragraph 4(a) - (d) of the Default Standard:

a. Plaintiffs[1] have already produced the file history for each asserted patent.

b. Zenara[2] has already produced to Plaintiffs the ANDA and correspondence with FDA related to the ANDA.

c. By **November 24, 2026**, Plaintiffs shall identify the asserted claims that the accused product(s) allegedly infringe(s).

d. By **December 11, 2026**, Plaintiffs shall produce to Zenara an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

e. By **December 11, 2026**, Zenara shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

f. By **October 15, 2027**, Plaintiffs shall provide final infringement contentions.

g. By **October 22, 2027**, Zenara shall provide final invalidity contentions.

---

[1] For the purposes of discovery including disclosures under Paragraph 3 of the Default Standard, Mirum Pharmaceuticals, Inc., Satiogen Pharmaceuticals, Inc., and Shire Human Genetic Therapies, Inc. are collectively Plaintiffs and shall be treated as a single Plaintiff.

[2] For purposes of discovery including disclosures under Paragraph 3 of the Default Standard, Zenara Pharma Private Limited and Biophore India Pharmaceuticals Private Limited shall be treated as a single Defendant, and referred to as Zenara.

8. Discovery. Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **October 1, 2027**.

b. Document Production. Document production shall be substantially complete by **June 25, 2027**.

c. Requests for Admission. A maximum of 30 requests for admission are permitted for each side. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.

d. Interrogatories.

i. A maximum of 20 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

e. Depositions.

i. Limitation on Hours for Deposition Discovery. Plaintiffs may take up to **40 hours** of Rule 30 and Rule 45 deposition testimony of Zenara across both this matter and in *Mirum Pharmaceuticals, Inc. v. Annora Pharma Private Ltd. et al.*, C.A. No. 25-1537-JLH (consolidated) (the "Consolidated Maralixibat Solutions Matter")). *See* Scheduling Order, D.I. 46, ¶ 8.f.i in the Consolidated Maralixibat Solutions Matter. In addition to the 80 hours of Rule 30 and

Rule 45 deposition testimony that Zenara (collectively with the other defendants) may take in the Consolidated Maralixibat Solutions Matter (which 80 hours shall encompass testimony in relation to U.S. Patent Nos. 10,512,657 ("the'657 patent"), 11,229,647 ("the '647 patent"), 11,229,661 ("the '661 patent"), 11,260,053 ("the'053 patent"), 11,376,251 ("the '251 patent"), 11,497,745 ("the '745 patent), and 12,350,267 ("the '276 patent") which are commonly asserted in this action and the Consolidated Maralixibat Solutions Matter), *see id.*, Zenara may take up to 10 additional hours of Rule 30 and Rule 45 deposition testimony solely in relation to the claims and defenses directed to Zenara's Tablets ANDA, Tablets ANDA Product, and U.S. Patent No. 12,296,050 (the "'050 patent") which is only asserted in this action against Zenara.

ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by agreement of the parties or order of the Court. Such exceptions may be appropriate in view of factors such as a witness's health, age, and convenience of the witnesses and parties. The parties shall meet and confer regarding the locations and timing of depositions. The parties may agree to take remote depositions. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court.

f. Disclosure of Expert Testimony.

i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **November 19, 2027**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including any testimony on the issue of objective indicia of nonobviousness, is due on or before **January 14, 2028**. Reply expert reports from the party with

the initial burden of proof, including a response to testimony on the issue of objective indicia of nonobviousness, are due on or before **February 18, 2028**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **March 24, 2028**.

ii. Objections to Expert Testimony.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen days after the close of expert discovery, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

g. Discovery Matters and Disputes Relating to Protective Orders.

i. The following procedures will apply to discovery matters and protective order disputes unless and until such matters are referred to a Magistrate Judge (who may specify their own procedures). Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts—including verbal communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Judge Hall's section of the Court's website, in the "Forms" tab.

iii. The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

iv. Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one day of e-filing. All courtesy copies shall be double-sided.

v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

9. Motions to Amend / Motions to Strike.

a. Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(h), above.

b. Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

10. Technology Tutorials. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11. Claim Construction Issue Identification.

a. Paragraph 11 of the Scheduling Order in the Consolidated Maralixibat Solutions Matter (D.I. 46, C.A. No. 25-1537-JLH (consolidated)) shall govern claim construction issue identification for the ’657, ’647, ’661, ’053, ’251, ’745, and ’267 patents.[3]

b. With respect to the ’050 patent, claim construction issue identification shall proceed as follows: On **January 15, 2027**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) for the U.S. Patent No. 12,296,050 (“the ’050 patent”), which is asserted in this action (Case No. 1:26-cv-01154-JLH) but not the Consolidated Maralixibat Solutions Matter. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed on **January 29, 2027**. The parties’ Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party’s proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. If a party proposes a construction of a term to be its “plain and ordinary” meaning, the party must explain what that meaning is and how it differs from the other party’s proposed construction.

[3] The parties and other defendants in the Consolidated Maralixibat Solutions Matter have agreed to adopt the claim construction deadlines set forth in paragraphs 11.b and 12.b, as described in the Joint Stipulation and Proposed Order of Consolidation filed concurrently in this action and the Consolidated Maralixibat Solutions Matter.

12. Claim Construction Briefing.

a. Paragraph 12 of the Scheduling Order in the Consolidated Maralixibat Solutions Matter (D.I. 46, C.A. No. 25-1537-JLH (consolidated)) shall govern claim construction briefing for the ’657, ’647, ’661, ’053, ’251, ’745, and ’267 patents.

b. With respect to the ’050 patent, claim construction briefing shall proceed as follows: The Plaintiffs shall serve, but not file, their opening brief, not to exceed 8 pages, on **February 19, 2027**. Zenara shall serve, but not file, their answering brief, not to exceed 12 pages, on **March 19, 2027**. The Plaintiffs shall serve, but not file, their reply brief, not to exceed 8 pages, on **April 16, 2027**. Zenara shall serve, but not file, their sur-reply brief, not to exceed 4 pages, on **May 14, 2027**. No later than **May 21, 2027**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-Upon Constructions

II. Disputed Constructions

[TERM 1]

1. Plaintiffs’ Opening Position

2. Defendants’ Answering Position

3. Plaintiffs’ Reply Position

4. Defendants’ Sur-Reply Position

[TERM 2]

1. Plaintiffs’ Opening Position

2. Defendants’ Answering Position

3. Plaintiffs' Reply Position

4. Defendants' Sur-Reply Position

For each term in dispute, there should be a table setting forth the term in dispute and the parties' competing constructions. If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction. The parties' briefing must also explain how resolution of the dispute is relevant to an issue in the case. The parties need not include any general summaries of the law relating to claim construction. The parties shall include a joint appendix that contains a copy of the patent(s) at issue, all relevant intrinsic evidence, and any other evidence cited in the parties' briefing.

No earlier than June 29, 2027 [no earlier than three weeks before the claim construction hearing and no later than one week before the claim construction hearing], Delaware and Lead counsel (*i.e.,* those attorneys that will be leading trial) for the parties shall meet and confer and file an amended Joint Claim Construction Chart that sets forth all agreed-upon constructions and all terms that remain in dispute. The meet and confer shall focus on an attempt to reach agreement on any remaining disputed terms where possible and to focus the dispute over the remaining terms in light of the Joint Claim Construction Brief. The amended Joint Claim Construction Chart shall be filed with a letter identifying by name each individual who participated in the meet and confer, when and how that meet and confer occurred, and how long it lasted. If no additional agreements on constructions were reached or if no dispute was narrowed, the letter shall so state. The parties shall e-mail a copy of the amended Joint Claim Construction Chart in Microsoft Word format to jlh_civil@ded.uscourts.gov.

13. Hearing on Claim Construction. Beginning at 1:00 PM on **July 20, 2027**, the Court will hear argument on claim construction, to the extent the above-captioned matter is consolidated with the Consolidated Solutions Matter. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty days after the conclusion of the claim construction hearing. To the extent the above-captioned matter is consolidated with the Consolidated Solutions Matter, any claim construction order specific to the ’050 patent shall only apply to Plaintiffs and Zenara and not be binding on any other party in the Consolidated Solutions Matter.

14. Interim Status Report. 45 days before the close of fact discovery, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

15. Case Dispositive Motions.

a. Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

16. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17. Amendments to the Scheduling Order. Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

18. IPRs/PGRs. Any party asserting a patent must file a "Notice of IPR/PGR Event" within seven days of any of the following actions taken on that patent: petition for *inter partes* review/post grant review (regardless of whether a party filed the petition), institution decision, final written decision, appeal to the Federal Circuit, Federal Circuit decision. The Notice must list the action taken, the affected claims, the dates of any expected further action by the PTAB, and the status of all other pending IPRs/PGRs.

19. Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon. Each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if

the moving party, a single one-page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20. Pretrial Conference.[4] On **September 5, 2028**, the Court will hold a pretrial conference in Court with counsel beginning at 1:00PM. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) not later than seven days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The proposed final pretrial order shall contain a table of contents. The parties shall provide the Court two double-sided courtesy copies of the joint proposed final pretrial order and all attachments.

21. Trial.[5] This matter is scheduled for a bench trial beginning at 9:30 a.m. on **September 18, 2028**, with the subsequent trial days beginning at 9:00 a.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases. The Court will hold a status conference with counsel on **May 31, 2028 at 10:00AM** to discuss the length and format of any trial(s) in this action. No later than 48 hours before this scheduling

---

[4] The date in this paragraph assumes that this action is consolidated with the Consolidated Maralixibat Solutions Matter at least in part for trial given the substantial overlap in seven patents across the two matters.

[5] The dates in this paragraph assume that this action is consolidated with the Consolidated Maralixibat Solutions Matter at least in part for trial given the substantial overlap in seven patents across the two matters.

conference, the parties shall submit a joint letter reflecting their joint or competing proposals with respect to the length and format of any trial(s).

22. Post-Trial Motions.

The parties should address the post-trial briefing schedule and page limits in the proposed final pretrial order.

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

| EVENT | PROPOSED DEADLINE |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | Within 30 days of the date of Scheduling Order |
| Paragraph 3 Default Standard Initial Disclosures | Within 30 days of the date of Scheduling Order |
| Plaintiffs' Disclosure of Asserted Claims | November 24, 2026 |
| Plaintiffs' Initial Infringement Contentions pursuant to Paragraph 4(c) of the Default Standard | December 11, 2026 |
| Zenara's Initial Invalidity Contentions pursuant to Paragraph 4(d) of the Default Standard | December 11, 2026 |
| Exchange List of Claim Terms for Construction and Constructions | January 15, 2027 |
| File Final Joint Claim Chart | January 29, 2027 |
| Plaintiffs to Serve Opening Brief on Claim Construction | February 19, 2027 |
| Defendants to Serve Answering Brief on Claim Construction | March 19, 2027 |
| Plaintiffs to Serve Reply Brief on Claim Construction | April 16, 2027 |
| Defendants to Serve Sur-Reply Brief on Claim Construction | May 14, 2027 |
| Parties to File Joint Claim Construction Brief & Joint Appendix of Evidence | May 21, 2027 |
| Markman Claim Construction Hearing | July 20, 2027 |
| Joinder of Other Parties and Amendment of Pleadings | June 4, 2027 |
| Substantial Completion of Document Production | June 25, 2027 |
| Parties to submit "Interim Status Report" | 45 days before the close of fact discovery |
| Close of Fact Discovery | October 1, 2027 |
| Serve Final Infringement Contentions | October 15, 2027 |
| Serve Final Invalidity Contentions | October 22, 2027 |
| Serve Opening Expert Reports | November 19, 2027 |
| Serve Rebuttal Expert Reports | January 14, 2028 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Serve Reply Expert Reports | February 18, 2028 |
| Close of Expert Discovery | March 24, 2028 |
| Deadline to file Daubert motions | April 7, 2028 |
| Status Conference | May 31, 2028 |
| File Joint Proposed Pretrial Order | 7 days before Pretrial Conference |
| Pretrial Conference | September 5, 2028 |
| Bench Trial | September 18, 2028 |
| 30-Month Stay Expiration | March 29, 2029 |